**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| RICK SEARS,<br><br>                    PLAINTIFF,<br><br>vs.<br><br>PERFECTION COLLECTION, LLC,<br><br>                    DEFENDANT. | **Civil Action No.**<br><br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Rick Sears (hereinafter "Plaintiff" or "Sears") by and through his attorney, L. Ashley Zubal, and for his Complaint against Perfection Collection, LLC (hereinafter "Defendant" or "Perfection Collection"), alleges as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III.   PARTIES

3.  Plaintiff, Sears, is a natural person residing in Madison County, Iowa.

4.  Defendant, Perfection Collection, is a business principally located in Utah who is engaged in the collection of debts owed to another in the State of Iowa.

5.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV.   FACTUAL ALLEGATIONS

7.  At some point in time, the Plaintiff defaulted on his contractual agreement with security system provider Vivint. The Plaintiff had closed a bank account sometime in 2011 wherein the monthly Vivint payment was drawn automatically. In opening a new account, the Plaintiff inadvertently forgot about the Vivint obligation.

8. At no time subsequent to the default did the Plaintiff receive correspondence from Vivint.

9. The Plaintiff received collection correspondence from debt collector Accounts Receivable Technologies dated November 14, 2013. Said correspondence advised the Vivint account had been assigned to Accounts Receivable Technologies for collection, alleged a balance due in the amount of $601.86 and requested immediate payment. The correspondence further advised Sears of his write to dispute the debt and request verification of the debt.

2

10. In response the 15 U.S.C. § 1692g notice, the Plaintiff wrote Accounts Receivable Technologies requesting verification of the debt. Within 30 days, Accounts Receivable Technologies responded with a copy of the original contract and entire payment history.

11. The original contract called for payment in the amount of $42.99 for a period of 60 months with no finance charge or cost of credit.

12. The payment history reflected a total paid by the Plaintiff to Vivint in the amount of $2,196.54.

13. The Plaintiff responded to Account Receivable Technologies in writing dated January 05, 2014, and mailed to the address indicated on Account Receivable Technologies original correspondence offering to pay the $601.86 in full in exchange for written confirmation of payment and verification that no negative or derogatory tradeline would be reflected on the Plaintiff credit reports.

14. The Plaintiff received no response from Account Receivable Technologies.

15. In June, 2014, the Plaintiff was alerted by his credit monitoring company a significant change had occurred on his credit report, negatively affecting his credit score.

16. Upon reviewing his Experian Credit report, the Plaintiff became aware that the Defendant, Perfection Collection, LLC, was reporting the Vivint account as in collections, specifically reflecting a balance due in the amount of $801.86.

17. At no time did the Plaintiff receive initial collection correspondence from the Defendant including the requisite 15 U.S.C. § 1692g notice advising the Plaintiff of his right to dispute the debt and request verification of the debt.

18. The Plaintiff immediately contacted the Defendant at the phone number provided on the credit report and spoke with a male representative. The representative indicated the Plaintiff owed $801.86 and requested how the Plaintiff would like to make payment. The Plaintiff agreed to pay the amount represented in exchange for deletion of the tradeline on his credit report.

19. The Defendant emailed the plaintiff verification of payment dated June 20, 2014 and forwarded written correspondence dated June 20, 2014 agreeing to remove any negative credit reporting.

20. The original contract did not allow for the additional of finance charges, cost of credit, or collection fees.

21. The Defendant failed to provide the Plaintiff any documentation evidencing a legal right to collect a represented balance of $801.86

22. Despite the account being settled in full, on or about August 07, 2014, the Plaintiff's wife, Laura Sears, received a collection call from a "Josh Dixon" looking for Rick Sears and requested he return the call.

23. The Plaintiff returned the call to Mr. Dixon on August 07, 2014. Mr. Dixon indicated he had recently acquired the Vivint account, represented the Plaintiff owed $801.86 and requested how the Plaintiff would like to make payment.

24. The Plaintiff acquired the representatives email address and forwarded proof of settlement with the Defendant.

25. Upon information and belief, the Defendant illegally transferred, assigned or sold the account to another collection agency subsequent to settlement.

26. As a result of the Defendant's illegal debt collection, the Plaintiff experienced emotional distress symptoms which include but are not limited to the

following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, loss of sleep, and anger.

## V.    CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a. 1692e(2)(A) through the false representation of the character, amount, or legal status of any debt;

    b. 1692e(8) by communicating credit information which is known or which should be known to be false;

    c. 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

    d. 1692e(11) by failing, in every communication with the Plaintiff, to state the communication is from a debt collector and that any information obtained would be used for that purpose;

e. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and

f. 1692f(1) through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

### COUNT II
### VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, the following provisions of the IDCPA, Iowa Code § 537.7103 et seq.

a. 537.7103(1)(f) through an action or threat to take an action prohibited by this chapter or any other law;

b. 537.7103(4)(b) by failing, in every communication with the Plaintiff, to state the communication is from a debt collector and that any information obtained would be used for that purpose;

c. 537.7103(4)(e) through the false representation of the character, amount, or legal status of any debt; and

d. 537.7103(5)(d) through the collection of or the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation and is legally chargeable to the debtor, or is otherwise legally chargeable.

32. As a result of each and every one of the Defendant's violations of the IDCPA, the Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

## VI.    JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,


  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF